

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 18 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

DEBORAH BELL,                    §
                                §
         Plaintiff,             §
                                §
VS.                             §    NO. 4:11-CV-576-A
                                §
WAL-MART #2978/SAM AND          §
EMPLOYEES                       §
                                §
         Defendants.            §


MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter

jurisdiction over the above-captioned action. Therefore, the

court is ordering the action remanded to the state court from

which it was removed.

I.

Background

On July 15, 2011, plaintiff, Deborah Bell, filed this action

in the 342nd District Court of Tarrant County, Texas, against

defendants, Wal-Mart #2978/Sam ("Wal-Mart") and Employees, later

identified as Kirk Thompson ("Thompson") and Richard Kindred

("Kindred") (collectively, "the employees").[1] Plaintiff served

_____

[1] On September 9, 2011, plaintiff filed a document titled "Motion for Leave to
Supplement Jurisdiction and Supplemental [sic] Pleadings and Exhibits," in which she identified
the two Wal-Mart employees as Kirk Thompson and Richard Kindred. Pl.'s Mot. at 2-3.

Wal-Mart on July 19, 2011.[2]  The employees have not been served.
Wal-Mart removed the case to this court on August 18, 2011.  Now
before the court are Wal-Mart's notice of removal and the state
court pleadings attached thereto, plaintiff's motion to remand,
Wal-Mart's response to plaintiff's motion to remand, a document
filed by plaintiff titled "Motion for Leave to Supplement
Jurisdiction and Supplemental [sic] Pleadings and Exhibits," and
Wal-Mart's response to such motion.  For the reasons set forth
below, the court is granting plaintiff's motion to remand.

The background of this case is as follows: In her state
court petition ("the petition"), plaintiff alleges that on May
19, 2011, she sustained severe personal injuries when Thompson
and Kindred were loading a treadmill into her vehicle, and a
dolly struck her in the head while she was in the parking lot of
defendant's Wal-Mart Store in Fort Worth, Texas.  Plaintiff
alleges that Kindred asked her to stand behind the dolly to
prevent it from rolling as they lifted the treadmill into her
vehicle.  Plaintiff alleges that when Thompson and Kindred lifted
the treadmill, the dolly rose up and struck her.

Plaintiff then filed suit against Wal-Mart, Thompson, and
Kindred.  In her suit, she alleged claims or negligence,

---

[2] Although plaintiff sued and served Wal-Mart #2978, Wal-Mart Stores Texas, LLC is
the proper party.  Def.'s Notice of Removal at 2.

negligence per se, and respondeat superior against Wal-Mart and the employees, and negligent entrustment against Wal-Mart.  In addition to exemplary damages, plaintiff seeks $1.3 million in damages as a result of a concussion, cervical strain, heart palpitations, mental and emotional anguish in the past and future, and medical care and expenses in the past and future. Pl.'s Pet. at 6-8.

Wal-Mart removed the case based on diversity jurisdiction. See 28 U.S.C. § 1332; § 1441(a).  The minimum amount in controversy requirement for diversity jurisdiction is clearly met because the damages requested in plaintiff's state court petition exceeds $75,000.  There is not, however, complete diversity of citizenship between plaintiff and defendants.  Wal-Mart is a Delaware corporation with its principal place of business in Arkansas.  Plaintiff is a Texas resident, and Wal-Mart concedes that the employees "are likely Texas residents."  Def.'s Notice of Removal at 2.

The current dispute concerns the joinder of the employees as defendants.  Whether the employees have properly been joined as defendants is the key to resolving the motions before the Court. Wal-Mart contends that the employees were fraudulently joined and

should be dismissed.[3]  If the employees are dismissed as a party
to this suit, then removal is warranted because there is complete
diversity of citizenship between plaintiff and the remaining
defendant Wal-Mart.  Plaintiff, on the other hand, contends that
the employees are proper defendants in this action.  If plaintiff
is correct, removal would be improper for two reasons: there
would not be complete diversity between the plaintiff and the
defendants as required by 28 U.S.C. § 1332, and one defendant
would be a resident of the state in which the removal court sits,
contrary to the provisions of 28 U.S.C. § 1441(b).

II.

Analysis

The court begins by noting that "the burden of persuasion
placed upon those who cry 'fraudulent joinder' is indeed a heavy
one."  B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th
Cir. 1981).  In order to prove that a non-diverse defendant was
fraudulently joined in a case to defeat diversity jurisdiction,
the removing party must show either that there has been outright
fraud in the plaintiff's pleadings of jurisdictional facts or
that there is no possibility that the plaintiff would be able to
recover against the non-diverse defendant in state court.  See

---

[3] Although defendants have not filed a motion to dismiss as to certain parties, Wal-Mart
has requested that the employees be dismissed in both responses to plaintiff's motions.

<u>Travis v. Irby</u>, 326 F.3d 644, 649 (5th Cir. 2003); <u>Smallwood v.</u>
<u>Ill. Cent. R. R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004). "If the
plaintiff has any possibility of recovery under state law against
the party whose joinder is questioned, then the joinder is not
fraudulent in fact or law." <u>Burden v. Gen, Dynamics Corp.</u>, 60
F.3d 213, 216 (5th Cir. 1995).

Wal-Mart is not alleging any fraud in plaintiff's pleading
of jurisdictional facts. Hence for Wal-Mart to defeat
plaintiff's motion for remand, Wal-Mart must establish that
plaintiff has no possibility of recovering against the employees
under Texas law.

In assessing a "no possibility of recovery" fraudulent
joinder claim, the court must evaluate all of the contested
factual allegations in the light most favorable to the plaintiff.
<u>See B., Inc.</u>, 663 F.2d at 549. In addition, the court must
resolve all ambiguities concerning the current status of
controlling state substantive law in favor of the plaintiff. <u>See</u>
<u>Travis</u>, 326 F.3d at 648-49. "After all disputed questions of
fact and all ambiguities in the controlling state law are
resolved in favor of the nonremoving party, the court determines
whether that party has any possibility of recovery against the
party whose joinder is questioned." <u>Carriere v. Sears, Roebuck &</u>
<u>Co.</u>, 893 F.2d 98, 100 (5th Cir. 1990).

The court concludes that Wal-Mart has not carried its burden
of persuasion. Because there is ambiguity in the applicable
state law as to whether plaintiff has a possibility of recovery
against defendants, that ambiguity must be resolved in favor of
plaintiff.

To prove that plaintiff cannot possibly recover against the
employees, Wal-Mart relies on two decisions from the Texas
Supreme Court, Leitch v. Hornsby, 935 S.W.2d 114 (Tex. 1996) and
Tri v. J.T.T., 162 S.W.3d 552 (Tex. 2005). Leitch held that a
corporate officer has no independent duty to furnish a safe
workplace, and therefore that corporate officer cannot be held
personally liable for the corporation's failure to provide a safe
place to work. See id. at 120. Of particular significance for
present purposes, Leitch explained that "individual liability
arises only when the officer or agent owes an independent duty of
reasonable care to the injured party apart from the employer's
duty." Id. at 117; see also Tri v. J.T.T., 162 S.W.3d at 562
(citing Leitch v. Hornsby, 935 S.W.2d at 117). Tri, which
followed shortly after, noted that the rule in Leitch limiting
employee individual liability in a workplace safety claim also
applied in a premises liability claim. See 162 S.W.3d at 562.
Except for alter ego situations, "corporate officers and agents
are subject to personal liability for their action within the

6

employment context only when they breach an independent duty of care." Leitch, 935 S.W.2d at 117.

The holding of Tri, however, did not definitively establish that in every instance employees owe no independent duty of care while acting within the scope of their employment. Instead, because "there [was] no record before [the Court] of what transpired at trial," the Court concluded that it could not decide the issue:

> We cannot determine whether [the employee] breached a duty that he owed to [the guests] separate from the duty his employer . . . owed to them. . . . We must presume that the trial court decided that [the employee] did not owe a duty to the [guests] separate and apart from that of his employer and that the facts support that determination because that presumption is in favor of the judgment the trial court rendered.

Tri, 162 S.W.3d at 563.

Thus, Tri did not resolve the question of whether the two Wal-Mart employees here owed an independent duty to plaintiff and could be held individually liable for their conduct. Leitch left open this possibility, providing as one example the case where an employee's negligence causes an auto accident while he is driving in the course and scope of employment. See Leitch, 935 S.W.2d at 117 (citing to Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596-97 (Tex. 1987). In such a case, because the agent owes a duty of reasonable care to the general public

7

regardless of whether the auto accident occurs while driving for the employer, individual liability may attach. Id.

Lower courts in Texas have confirmed that employees who participate in tortious acts may be held individually liable regardless of whether they receive any benefit from the tortious act. See, e.g., Cass v. Stephens, 156 S.W.3d 38, 62-52 (Tex. App.--El Paso 2004, pet. denied); Gardner Mach. Corp. v. U.C. Leasing, Inc., 561 S.W.2d 897, 899 (Tex. Civ. App.--Beaumont 1978, writ dism'd). An employee may be held individually liable for an employer's tortious acts if he knowingly participates in the conduct or has knowledge of the tortious conduct, either actual or constructive. Portlock v. Perry, 852 S.W.2d 578, 582 (Tex. App.--Dallas 1993, writ denied). Leitch and Tri do not appear to modify these holdings.

Nor does either decision completely foreclose the possibility in this case that Wal-Mart's employees could owe an independent duty of reasonable care to the general public. For example, in plaintiff's motion entitled "Motion for Leave to Supplement Jurisdiction and Supplemental [sic] Pleadings and Exhibits," plaintiff alleges that Kindred "failed to maintain his independent duty which was to insure safety to others while within the course and scope of employment for Wal-Mart which was the approximately [sic] cause for the injuries Plaintiff alleged

8

she sustained in her original petition." Pl.'s Mot. at 4.
Plaintiff further alleges that because the employee had "asked"
her "to assist him" in holding the dolly, he "had an independent
duty to make sure that the passage was clear and that he took
proper action in order to maintain the safety to others." Id.
Here, the employees were directly and personally involved in
conduct that allegedly caused plaintiff's injuries. Such
allegations at least raise the possibility that the employees
breached an independent duty of care to her. Presented with such
ambiguity, the court cannot say that Wal-Mart has met its burden
to show that there is no possibility of recovery for the claims
that plaintiff has asserted against the employees.

The Fifth Circuit has "cautioned against pretrying a case to
determine removal jurisdiction." Hart v. Bayer Corp. 199 F.3d
239, 246 (5th Cir. 2000). Because the court must resolve
contested issues of fact and legal ambiguities in the plaintiff's
favor, see Travis, 326 F.3d at 649, the court concludes that
plaintiff's allegations demonstrate that there is at least a
possibility that she may bring a successful claim for negligence
against the employees. Wal-mart has failed to meet its burden to
demonstrate that she is unable to establish a cause of action
against the employees in state court. Smallwood, 385 F.3d at
573. Consequently, the court lacks subject matter jurisdiction

over the action and is remanding it to the state court from which
it was removed.

III.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is
hereby, remanded to the state court from which it was removed.

SIGNED October 18, 2011.

_____
JOHN McBRYDE
United States District Judge